UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00516-H

MELISSA R. QUIGGINS,

PLAINTIFF

V.

CORIZON, INC., DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant, Corizon, Inc.'s motion for an extension of time in which to file a motion for summary judgment. Plaintiff, Melissa R. Quiggins, objects to Defendant's motion as it is untimely. For the reasons that follow, the Court denies the motion.

"A party seeking to file a document after the requisite time period has passed may request to do so upon motion only." *Childress v. Michalke*, 2012 WL 5986643, * 2 (E.D. Mich. Nov. 29, 2012). Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), a court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). For purposes of Rule 6(b), "excusable neglect" is determined by balancing the following five factors:

> (1) danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

1

In examining this criterion, the factors weigh in favor of Plaintiff. First, Defendant has offered no explanation for its delay in filing its motion. Defendant noted that the defense of qualified immunity, the basis for its late motion for summary judgment, was asserted in its Answer. This tends to show that Defendant was aware of this argument throughout the pendency of the litigation and a motion for summary judgment based on that particular argument could have been filed according to the Court's original schedule. However, Defendant's motion comes more than four and half months after the Court ordered deadline for dispositive motions. Order, ECF No. 51. Prejudice to the Plaintiff and the length of delay, which was Defendant's own doing, preclude a finding of excusable neglect in these circumstances.

The Court will take the substance of the attached summary judgment motion into consideration at trial. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED Defendant's motion for an extension of time is DENIED.

cc: Counsel of Record