UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00516-H

MELISSA QUIGGINS                                                                    PLAINTIFF

V.

CORIZON, INC.                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

After a lengthy period of motion practice, Plaintiff Melissa Quiggins' single remaining claim against Defendant, Corizon, Inc., formerly known as Correctional Medical Services, is for medical negligence for injuries she sustained while incarcerated at the Louisville Corrections Facility (the "Facility"). The parties have filed a number of motions in limine in anticipation of trial, which is scheduled for March 5, 2013. After a telephonic conference discussing these motions in some detail, the Court is prepared to rule on these motions.

I.

Plaintiff moves to limit the testimony of three of Defendant's expert witnesses: Dr. Thomas Flynn, Dr. Jeffrey McKinzie, and Nurse Terry Fillman. Plaintiff argues that these experts purport to testify to matters outside their field of expertise, and the Court should restrict that testimony to only those matters upon which these witnesses have actual knowledge.

Dr. Flynn is a dentist and oral surgeon, who disclosed that part of the subject matter of his testimony would include his opinion that Plaintiff's acute onset of sepsis presented suddenly and without warning, and was thus unpreventable. While Dr. Flynn conceded that he is not a physician

1

or infectious disease expert, he has seen and treated numerous patients presenting with severe odontogenic infections for over three decades. He has consulted studies discussing the possible source of infection when patients present with severe odontogenic infections, and has performed personal research on bacteria associated with severe dental infections. The Court finds no reason to limit Dr. Flynn's testimony at this time, but reserves the right to limit or exclude certain testimony at trial.

Dr. Jeffrey McKinzie is an emergency medicine physician who has some experience treating dental infections on patients brought into his emergency room. However, as a physician, he is not entitled to testify as to the standard of care of a dentist. Accordingly, Paragraphs 1(b)(7), 1(b)(8), and 1(b)(9) will be stricken from Dr. McKinzie's Disclosure, because these statements necessarily require Dr. McKinzie to opine on the standard of dental care provided. His testimony will also be limited to a physician's approach to working with patients presenting Plaintiff's condition and symptoms and to working with other medical staff on situations similar to the case at bar.

Nurse Terry Fillman has served as the Health Services Administrator for San Bernadino County Sheriff's Department in California, and has worked as a corrections nurse for over twenty years. Nurse Fillman may testify to the general care Plaintiff received at the Facility from the nursing staff, but cannot testify to the standard and level of care that physicians and dentists did and should have provided to Plaintiff. More particular, Paragraphs 4, 5, and 7 of Nurse Fillman's Disclosure should be stricken, and Nurse Fillman may not testify to issues concerning whether to transfer a patient, the diagnosis of MRSA or related conditions at a corrections center, and any other cause she may attribute to Plaintiff's injuries.

II.

Plaintiff also moves to exclude the "Correctional Medical Services Release of Responsibility" Form that Plaintiff signed on July 15 while incarcerated at the Facility. The Form indicates that signor refused to accept treatment or medical recommendations despite being advised of the risks of said refusal. The Court agrees with Plaintiff that the Form is highly prejudicial and marginally probative such that its exclusion is warranted under FED. R. EVID. 403.

For one, the parties cannot agree on the context in which Plaintiff signed the Form.[1] According to the medical records, Plaintiff did not receive any healthcare services on July 15. Instead, according to Plaintiff, a guard provided her the previously filled-out Form on July 15 when she declined to join the line of inmates waiting to see a dentist, despite having been on the dental waiting list. Plaintiff maintains she considered the Form an inconsequential formality. Corrections Officer Michael Montgomery confirms that guards require signatures from inmates on a pre-filled-out release form when the inmate refuses to join a medical or dental waiting line as common practice. If Plaintiff is correct, then this Form is not substantive evidence of Plaintiff's refusal of anything other than getting in the dentist's line. Defendant has not argued that Plaintiff's refusal to see a dentist on July 15 contributed to or caused her injuries, so this Form would be irrelevant to any material issue.

Defendant offers no context in which the Facility presented Plaintiff this Form, but seems to relate this documented refusal to Plaintiff's refusal to undergo tooth extraction during her

---

[1] Because it is unclear under what circumstances Plaintiff signed this form, the present issue is wholly distinct from this Court's opinion in *Maze v. ZLB Bioplasma, Inc.*, 2010 WL 148822, at *1 (W.D. Ky. Jan. 14, 2010). In *Maze*, the defendant sought to introduce a consent form to support its conclusion that the plaintiff was aware of the danger of losing consciousness when she volunteered to donate plasma. Here, Defendant seeks to introduce the form to support evidence that has already been provided, even though the context in which the form was signed is entirely unclear. Moreover, the Form released liability for "Dental" treatment, which is too general to show any relevant knowledge on the part of Plaintiff.

consultation with Dr. Marilyn Anderson-Brown on July 8. If this Form indeed memorialized Plaintiff's refusal to Dr. Brown-Anderson, however, this evidence is still replete of probative value. Both parties concede that during the July 8 meeting, Dr. Brown-Anderson presented Plaintiff with her options regarding treatment, and upon Plaintiff's refusal to undergo tooth extraction, Dr. Brown-Anderson advised Plaintiff of the risks associated with this decision. Thus, any probative weight this Form could theoretically provide regarding the July 8 consultation can be achieved through the testimony of Dr. Brown-Anderson and Ms. Quiggins.

However, the Form will likely cause jury confusion as to whether Plaintiff released Defendant from liability, an issue that neither party has pled. The Form does not detail what kind of dental care was refused, and therefore may mislead a jury into believing that Form was a blanket release. Finally, the extent to which both parties will need to question and cross-examine witnesses as to the context and value of this Form will consume a large amount of time on a collateral issue. For these reasons, the Court will exclude the Correctional Medical Services Release of Responsibility Form.

III.

Plaintiff next moves to limit the scope of Defendant's arguments on three issues. First, Plaintiff seeks to preclude Defendant from presenting evidence of other parties sued. Defendant agrees to this limitation.

Second, Plaintiff asks the Court to prevent Defendant from making emotional appeals to the jury's self-interest as taxpayers by emphasizing or suggesting that Plaintiff received healthcare at the taxpayers' expense. Defendant responds that it will seek to introduce evidence that individuals with tooth problems often wait a period of time before seeking dental treatment outside corrections

4

facilities. The Court fails to understand how Defendant's response addresses Plaintiff's motion.[2] Nevertheless, the Court agrees with Plaintiff that appeals to the jury's sensibilities regarding their obligations as taxpayers are not permissible. Therefore, the Court will grant Plaintiff's motion as to these two issues.

The third issue requires greater consideration. Plaintiff moves to exclude numerous variations of evidence as to Plaintiff's character.[3] First, Plaintiff seeks to exclude evidence of and testimony pertaining to Plaintiff's prior drug use. The Court agrees that such evidence will be highly prejudicial to Plaintiff and should be excluded under the principle that evidence of a person's character trait is inadmissible if presented to show conformity therewith on another occasion. FED. R. EVID. 404(a)(1). Defendant argues that prior drug use is an event, not a character trait. Therefore, the evidence is admissible under FED. R. EVID. 404(b), which permits the introduction of evidence of prior acts for a number of limited purposes. Although the Court considers evidence of prior drug use to be character evidence of a drug addict, Defendant failed to present any colorable argument that even if considered a prior act, this evidence will serve any of the limited purposes for admission outlined in FED. R. EVID. 404(b).

Second, Plaintiff seeks to prevent the introduction of evidence concerning Plaintiff's disciplinary record while incarcerated. Defendant contests that the record is inadmissible except to the extent that any infractions caused or contributed to her deteriorating health. However, Plaintiff's disciplinary record is not relevant to Plaintiff's claim, and evidence of a transgression within the record is not real medical evidence. Therefore, Defendant is not permitted to reference Plaintiff's

---

[2] Moreover, Defendant's desire to present evidence as to how non-incarcerated individuals receive dental care is likely irrelevant to Plaintiff's case.

[3] Defendant does not contest two evidentiary issues as to Plaintiff's character. Defendant agrees to refrain from presenting evidence or testimony regarding Plaintiff's criminal convictions and the circumstances surrounding the birth of Plaintiff's children.

disciplinary record for any purpose.

Finally, Plaintiff seeks to prevent the introduction of evidence of Plaintiff's prior dental treatment. Specifically, Plaintiff sought dental treatment from the University of Louisville School of Dentistry Clinic on a few occasions in the past, and Plaintiff did not follow the prescribed course of treatment on any of these occasions. This evidence is relevant for a number of reasons and likely admissible under FED. R. EVID. 404(b), but the Court will entertain admissibility objections at trial. Moreover, the Court is satisfied that it can cure any problems concerning the use of this evidence as propensity evidence with a cautionary instruction, should the parties so request. Therefore, the Court will permit the introduction of evidence of prior dental treatment, except to the extent that the prior treatment documents Plaintiff's illicit drug use.

## IV.

Defendant moves to exclude three types of evidence. First, Defendant seeks to prevent evidence or testimony showing that Plaintiff was released from the Facility earlier than her scheduled release date. The Court agrees that this evidence is irrelevant and will likely mislead the jury. Defendant medical provider does not control the release date of inmates at the Facility, but the introduction of such evidence may lead a juror to infer the opposite conclusion. However, Plaintiff may introduce into evidence the actual date of her release in order to establish a timeline for the various events that comprise this incident.

Defendant secondly seeks to prevent the introduction of any evidence pertaining to Plaintiff's allergy to Penicillin and Dr. Schmutz's prescription thereof. Evidence that one doctor in one instance mistakenly prescribed Plaintiff medication to which she was allergic does not prove that Defendant had a practice or pattern of mistakenly prescribing medication. *See* FED. R. EVID. 406.

Moreover, an isolated mistake as to prescriptions is not relevant to the medical and dental care provided to her regarding her tooth abscess. Evidence of Plaintiff's allergy is therefore inadmissible.

Finally, Defendant moves to bar any evidence that Plaintiff's condition at Baptist East Hospital only improved after her tooth was extracted. Defendant argues that Plaintiff had undergone various forms of treatment during her two to three month stay at Baptist East Hospital, all of which could have contributed to her health rehabilitation. However, Plaintiff purports to present an expert witness who will testify that although Baptist Hospital East tried a number of treatments to solve Plaintiff's ailments, only after the hospital extracted her tooth did her condition begin to improve. This evidence is relevant for a number of reasons. Defendant certainly has experts to controvert this opinion, which really goes to the heart of this case. Therefore, the Court will deny Defendant's motion as to this evidence.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to limit or exclude the testimony of Dr. Flynn is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to limit or exclude the testimony of Dr. McKinzie and Nurse Fillman is GRANTED IN PART and DENIED IN PART. Dr. McKinzie may only testify to the standard of care of physicians, and Paragraphs 1(b)(7), 1(b)(8), and 1(b)(9) will be stricken from Dr. McKinzie's Disclosure. Nurse Fillman may only testify to the standard of care provided by nurses and to the general care provided by Defendant based on his experience as a nurse in a corrections facility, but may not testify to any diagnostic or etiologic opinions or medical decisions taken by physicians or dentists during Plaintiff's stay at the Louisville Corrections Facility. Additionally, Paragraphs 1(b)(4), 1(b)(5), and 1(b)(7) of

Nurse Fillman's Disclosure are stricken.

IT IS FURTHER ORDERED that Plaintiff's motion to exclude the Correctional Medical Services Release of Responsibility Form is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to exclude evidence concerning other parties sued in this litigation is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to prevent Defendant from making emotional appeals to the jury's self-interest as taxpayers by emphasizing or suggesting that Plaintiff received healthcare at the taxpayers' expense is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to exclude evidence concerning Plaintiff's prior misdemeanor convictions, the circumstances surrounding the birth of Plaintiff's children, Plaintiff's prior drug use, and Plaintiff's disciplinary record from her period as an inmate at the Louisville Corrections Facility is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to exclude evidence concerning Plaintiff's prior dental history is DENIED, except to the extent that the prior history divulges Plaintiff's prior illicit drug use.

IT IS FURTHER ORDERED that Defendant's motion to exclude evidence showing that Plaintiff was released early from the Louisville Corrections Facility is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to exclude evidence of Plaintiff's Penicillin allergy and the prescription for Penicillin provided to Plaintiff is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to exclude evidence inferring that Plaintiff's condition at Baptist East only improved after physicians extracted her tooth is DENIED.

cc: Counsel of Record