UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00516-H

MELISSA QUIGGINS                                                              PLAINTIFF

V.

CORIZON, INC.                                                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

During a lengthy conference with parties, the Court considered many of the remaining pre-trial motions. The Court reached the following conclusions.

Defendant has moved for a continuance in light of recent media coverage of this case and Corizon. The Court feels that any pre-formed opinions or bias about the parties and the case can be appropriately taken care of during *voir dire*.

Defendant has moved to exclude from evidence certain "anatomage" 3-D images. As discussed in the conference, these images have little probative value as they are not the images used during treatment, but rather are doctored, post-hoc images that arguably distort reality. As such, Federal Rule of Evidence 403 bars their admission.

Defendant has moved for reconsideration of this Court's previous Order (Doc. 156) excluding the Release and Responsibility Form.[1] Given the context of how and when the Form was signed, it is not admissible under both Federal Rule of Evidence 401 and 403.

---

[1] This Court note an error in the previous Order: Plaintiff has not conceded that Dr. Anderson advised Plaintiff of the risks associated with the decision to refuse extraction.

Defendant has moved to exclude medical literature identified in Plaintiff's bibliography as it is untimely under Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff's experts are limited to the texts and articles that were disclosed to the Defendant in the expert reports and depositions. To the extent Plaintiff has included in its bibliography medical texts and articles that have not previously been disclosed, the medical literature is excluded from use at trial.

Lastly, Defendant has moved to enforce a previous Court Order (Doc. 134) in light of recent depositions in which Defendant claims Plaintiff's questioning violates the Order's ruling. Any line of questioning that does not adhere to this Court's previous Order is inadmissible.[2]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for continuance (Doc. 157) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion *in limine* to exclude the "anatomage" 3-D images attached to Dr. Stephen Barclay's Supplemental Disclosure as Exhibit #2 (Doc. 154) is SUSTAINED. These images may not be used for any demonstrative purpose at trial and witnesses are barred from discussing the images.

IT IS FURTHER ORDERED that the parties will continue to work to resolve issues identified in Defendant's motion *in limine* to exclude certain deposition excerpts (Doc. 158) and Plaintiff's motion *in limine* regarding objections made during trial depositions (Doc.160). The parties are to advise the Court of matters they are unable to resolve.

IT IS FURTHER ORDERED that Defendant's motion for reconsideration (Doc. 159) is DENIED.

---

[2] This Court previously ruled that medical records containing references to "dental abscess" are admissible but the Court will not allow these references to be used as medical opinions.

IT IS FURTHER ORDERED that Defendant's motion to exclude medical literature identified in Plaintiff's bibliography is SUSTAINED in part and DENIED in part (Doc. 161). Plaintiff's experts are limited to the texts and articles that were disclosed to the Defendant in the expert reports and depositions.

IT IS FURTHER ORDERED that Defendant's motion to enforce the Court's October 11, 2012 Order (Doc. 162) is SUSTAINED.

cc: Counsel of Record